UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

STEPHEN PAUL JARRELL,

    Plaintiff,

vs.

ARMY REVIEW
BOARDS AGENCY, *et al.*,

    Defendants.

Case No. 3:20-cv-194

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (DOC. 6) BE GRANTED; (2) THIS CASE BE TERMINATED ON THE DOCKET; AND (3) PLAINTIFF BE DENIED *IN FORMA PAUPERIS* STATUS ON APPEAL**
_____

This civil case is before the Court on the complaint filed by *pro se* Plaintiff Stephen P. Jarrell. Doc. 1. Jarrell alleges violations of the Privacy Act, 5 U.S.C. § 552a, against four named Defendants: (1) the Army Review Boards Agency ("ARBA"); (2) the Department of the Army; (3) the United States Attorney for the Southern District of Ohio; and (4) the United States Attorney General. *See id*. at PageID 2-3. Specifically, Jarrell alleges that ARBA failed to maintain and provide him certain documents in his personnel record and improperly included his brother's physical discharge examination documents in his personnel record -- resulting in an adverse administrative decision decades ago, in 1990. *See id*. 3-8.

**I.**

Now pending before the Court is Defendants' motion to dismiss (doc. 6), Jarrell's memorandum in opposition (doc. 7), and Defendants' reply (doc. 11). In considering the motion, the Court has accepted *pro se* Plaintiff's claims as true and liberally construed them in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Initially, the record reveals that this matter, *i.e.*, Jarrell's requests for records relating to his military service and discharge; and issues pertaining to his personnel record and denial of benefits, were litigated between the parties or could have been litigated.[2] *See e.g.*, *Jarrell v. U.S. Army*, No. 3:94-CV-275, ECF No.10 (S.D. Ohio Oct. 11, 1994), *aff'd*, *Jarrell v. U.S. Army*, 86 F.3d 1155, 1996 WL 287738 (6th Cir. May 29, 1996) (dismissing Jarrell's claim of records mismanagement with prejudice); *Jarrell v. United States*, No. 3:94-CV-463, ECF No. 4 (S.D. Ohio Feb. 14, 1995), *report and recommendation adopted*, No. 3:94-CV-463, ECF No. 8 (S.D. Ohio Mar. 20, 1995) (determining Jarrell's alteration of records claims were barred by collateral estoppel); *Jarrell v. Nat'l Pers. Records Ctr.*, No. 3:11-CV-434, 2013 WL 5346483 (S.D. Ohio Sept. 23, 2013), *report and recommendation adopted*, No. 3:11-CV-434, 2013 WL 5773930 (S.D. Ohio Oct. 24, 2013) (granting Defendants' motion for summary judgement because Jarrell knew, or had reason to know, about any alleged Privacy Act violations by 1994); *Jarrell v. FBI*, No. 3:13-CV-343, 2013 WL 6835284 (S.D. Ohio Dec. 26, 2013), *report and recommendation adopted*, No. 3:13-CV-343, 2014 WL 198497 (S.D. Ohio Jan. 15, 2014) (dismissing Jarrell's claims against, *inter alia*, the Army under the doctrine of *res judicata*, collateral estoppel, and the statute of limitations); *Jarrell v. Shulkin*, No. 3:16-CV-95, 2018 WL 1901681 (S.D. Ohio Apr. 20, 2018) (granting Defendant's motion for summary judgement on Jarrell's Privacy Act claims). Accordingly, this case is barred by *res judicata* and/or collateral estoppel. *See Knox v. Hurley*, No. 2:07-CV-0155, 2007 WL 3399239, at *1 (S.D. Ohio Nov. 9, 2007) (stating that the doctrine of *res judicata* "prevents a litigant from raising a new claim in a subsequent action if it arises out of the same facts as a prior case and the claim could have been, but was not, raised in that

---

[2] "Federal courts may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). Further, it is well-settled that this Court may take judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *see also Saag v. Warden, Chillicothe Corr. Inst.*, No. 1:19-CV-548, 2019 WL 4118795, at *1 n. 1 (S.D. Ohio Aug. 29, 2019), *report and recommendation adopted*, No. 1:19-CV-548, 2020 WL 815673 (S.D. Ohio Feb. 19, 2020).

prior case" and collateral estoppel prevents "a party [from attempting] to litigate again claims [that] were actually decided against him [or her] in a prior case").

Even assuming, *arguendo*, that Jarrell's claims are not barred by *res judicata* and/or collateral estoppel, the record reveals that Jarrell's claims are time barred by the Privacy Act's two-year statute of limitations. 5 U.S.C. § 552a(g)(5); *see also Lockett v. Potter*, 259 F. App'x 784, 786-87 (6th Cir. 2008) (finding the statute of limitations for a Privacy Act claim "begins to run when the plaintiff knows or has reason to know of the alleged violation" by a federal agency). This Court has previously established that Jarrell "knew, or had reason to know, about the Privacy[]Act violations" with regard to alleged discrepancies in his personnel record since at least 1994 -- far more than two years ago. *Jarrell v. Nat'l Pers. Records Ctr.*, No. 3:11-CV-434, 2013 WL 5346483, at *8 (S.D. Ohio Sept. 23, 2013), *report and recommendation adopted*, No. 3:11-CV-434, 2013 WL 5773930 (S.D. Ohio Oct. 24, 2013); *see, e.g., Green v. Westphal,* 94 F. App'x. 902, 904 (3d Cir. 2004), c*ert. denied sub nom. Green v. Brownlee*, 543 U.S. 913 (2004) (dismissing Privacy Act claims as time barred when plaintiff filed suit in 2001, but knew (or should have known) of alleged errors in his military record since 1981 "when he first sought to have his discharge upgraded").

## II.

In light of the foregoing, the undersigned **RECOMMENDS** that:

1. Defendants' motion to dismiss be **GRANTED**;

2. This case be **TERMINATED ON THE DOCKET**;

3. If Plaintiff elects to appeal this decision, he be **DENIED** *in forma pauperis* status on appeal, *see* 28 U.S.C. § 1915(a)(3); and

4. Plaintiff be **ADVISED** that further attempts to file similar complaints in this District may result in the Court deeming him a vexatious litigator and/or imposing other appropriate sanctions.

Date:   October 16, 2020                              s/Michael J. Newman
                                                      Hon. Michael J. Newman
                                                      United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).