IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN P. JARRELL,

    Plaintiff,

v.

ARMY REVIEW BOARDS
AGENCY, et al.,

    Defendants.

:
:
:
:

Case No. 3:20-cv-194

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #12);
OVERRULING PLAINTIFF'S OBJECTION (DOC. #13); SUSTAINING
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12 (b)(6) (DOC. #6); JUDGMENT TO
ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF;
PLAINTIFF FORMALLY ADVISED OF INHERENT COURT
AUTHORITY TO DECLARE HIM A HARASSING AND VEXATIOUS
LITIGATOR PURSUANT TO 28 U.S.C. § 1927; ANTICIPATED
MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED;
TERMINATION ENTRY

---

This matter is before the Court on the Report and Recommendations, Doc. #12, filed by Magistrate Judge Michael J. Newman,[1] and the Objection to that judicial filing, Doc. #13, by Plaintiff, Stephen Paul Jarrell ("Plaintiff"). Defendant,

---

[1] As of November 12, 2020, Magistrate Judge Michael J. Newman is a District Court Judge for the United States District Court for the Southern District of Ohio. For purposes of this motion, however, the Court will refer to him in his then-capacity as Magistrate Judge Newman.

the Army Review Boards Agency ("ARBA" or "Defendant"),[2] has filed a Response to Plaintiff's Objection, Doc. #14.

The Magistrate Judge recommended that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted, that the case be terminated on the docket and that Plaintiff be denied *in forma pauperis* status on appeal. Doc. #12.

Plaintiff appears *pro se* and documents filed by him, including the Complaint, Doc. #1, and Objection to the Report and Recommendations, Doc. #13, will be "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers...." *Erickson v. Pardus*, 551 U.S. 89, 94 127 S. Ct. 2197 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

I. **Background and Procedural History**

Plaintiff's Complaint alleges five "Claims" under 5 U.S.C. 552a, the Privacy Act. These Claims consist of three counts: Count I: improper withholding of Plaintiff's military personnel file in violation of § 552a(g)(1)(B), Doc. #1, PageID##4-6;[3] Count II: failing to maintain Plaintiff's military records resulting in an adverse

---

[2] In addition to the ARBA, Plaintiff names as Defendants the Department of the Army, the United States Attorney and the United States Attorney General. Doc. #1. None of these Defendants, however, were served and Plaintiff's Complaint does not allege any claim against them.

[3] Plaintiff alleges that the following records are being withheld: Department of Defense ("DD") Form 722 and 722-1 (i.e., health record forms); Department of the Army ("DA") Form 188 (i.e. Morning Report" form); DD Form 553 (i.e., Deserter/Absentee Wanted by the Armed Forces form); and Standard Form ("SF") 88 (i.e., Discharge Physical Examination).

agency decision against him in violation of § 552a(g)(1)(C)[4]; *Id.*, PageID##6 and 7; and Count III: misusing the medical examination form (SF 88) for Richard Jarrell, Plaintiff's brother,[5] in its 1990 decision about Plaintiff in violation of § 552a(g)(1)(D). *Id.*, PageID##7-8.

Plaintiff alleges that under the Privacy Act he is entitled to gain access to his records, and the Court should order that "the agency records, improperly being withheld" be produced to Plaintiff. Alternatively, he requests that he be awarded damages of $1,600,000. Plaintiff attaches a number of documents as exhibits to his Complaint, Exhibits A through J. Doc. #1-2, PageID##12-27.

Defendant's motion to dismiss, Doc. #6, asserts that all three of Plaintiff's Counts fail as a matter of law based on the two-year statute of limitations in 5 U.S.C. §552a(g)(5). In addition to the statute of limitations, Defendant also argues additional reasons for dismissal: Count I fails since the ARBA does not have the records, Count II is subject to partial dismissal since Plaintiff fails to plead an adverse decision concerning his Form 188s and DD Form 553 and Counts II and III

---

[4] Plaintiff alleges that the "adverse agency decision" is the April 4, 1990, Memorandum of Consideration issued by the Board for Correction of Military Records, Doc. #1, PageID##6-7, Doc. # 1-2, PageID##22-25. This decision denied Plaintiff's request that his undesirable discharge be upgraded and his records corrected to show that he was injured due to an assault on April 12, 1971, while serving in the United States Army.

[5] Richard Jarrell is the brother of Plaintiff. As alleged by Plaintiff, Richard's discharge physical examination (SF 88) was in Plaintiff's separation packet. Doc. #1, PageID##7-8. He further alleges that the ARBA was "using an altered copy" of his discharge physical examination to show "that the Army followed Army Regulations when they discharged Plaintiff on December 7, 1971," and that Plaintiff suffered no injuries when he was allegedly assaulted in basic training in April 1971. *Id.* PageID#7.

3

fail to allege actual damages required by 5 U.S.C. § 552(g)(4)(A). In further support of its argument that Plaintiff's Complaint is barred by the Privacy Act's two-year statute of limitations, Defendant's motion also cites to Magistrate Judge Ovington's opinion in *Jarrell v. Nat'l Pers. Records Ctr.*, No. 3:11cv 00434, 2013 WL 5346483 *8 (S.D. Ohio Sep. 23, 2013) (Ovington, M.J.) (adopted in 2013 WL 5773930) (Rice, J).

In his 2011 case, Plaintiff sought an upgrade to his discharge and an award of back pay alleging the defendant, the National Personnel Records Center ("NPRC"), violated the Federal Records Act, 44 U.S.C. § 3101, and the Privacy Act. Magistrate Judge Ovington recommended that Plaintiff's claim under the Federal Records Act be dismissed and that Plaintiff's claim under the Privacy Act be barred because of the two-year statute of limitations in 5 U.S.C. §552a(g)(5). In reaching the decision that Plaintiff's Privacy Act claim was time-barred, the Magistrate Judge reviewed an earlier case that Plaintiff had filed in 1994. *Jarrell v. U.S. Army*, No.3:94-CV-275, ECF No.10 (S.D. Ohio Oct. 11, 1994), *aff'd*, *Jarrell v. U.S. Army*, 86 F.3d 1155, 1996 WL 287738 (6th Cir. May 29, 1996) (dismissing Jarrell's claim of records mismanagement with prejudice). In his 1994 case, Plaintiff sued the U.S. Army under the Federal Tort Claims Act, charging that the Army had removed or destroyed records related to his April 12, 1971, assault and fabricated or forged documents related to his dishonorable discharge including his physical examination. Plaintiff claimed in this case that his application for veterans' benefits was denied because of these issues and sought $5,000,000 in

damages. United States Magistrate Judge Michael R. Merz affirmed the prior findings of the U.S. Army Claims Service and granted the motion to dismiss concluding: (1) *Feres v. United States*, 340 U.S. 135 (1950), prevented Plaintiff from financial compensation for his alleged injuries because his injuries had been "integrally related to his military service;" and (2) his Complaint was time-barred by the Federal Tort Claims Act's two-year statute of limitations. In considering whether Plaintiff's Privacy Act claim was time-barred, Magistrate Judge Ovington noted that Plaintiff's June 1994 *pro se* Complaint stated, "I have just recently become aware of the forgeries and other record discrepancies." Based on her review of Plaintiff's 1994 case, when considering his 2011 lawsuit and the above statement, she recommended that the defendant's motion for summary judgment be granted based on the statute of limitations.

> Because Jarrell raised his record tampering allegations and claims in his June 1994 Complaint, there is no genuine dispute that by June 1994, Jarrell knew, or had reason to know, about the alleged records tampering of which he now complains. In light of Jarrell's allegations in his 1994 Complaint, no reasonable juror could agree with his conclusion – i.e., that he had no reason to know Defendant allowed someone to tamper with his personnel records until he examined the records in 2011. As a result, the Privacy Act's statute of limitations began to run no later than June 1994 and expired two years later, no later than June 1996.

*Jarrell v. Nat'l Pers. Records Ctr.*, No. 3:11cv 00434, 2013 WL 5346483 *8 (S.D. Ohio Sep. 23, 2013) (Ovington, M.J.).

5

## II. Plaintiff's Objection (Doc. #13)

Magistrate Judge Newman's Report and Recommendations recommend that Plaintiff's Complaint be dismissed. He states that Plaintiff's violations under 5 U.S.C. 552a, the Privacy Act, and "requests for records relating to his military service and discharge; and issues pertaining to his personnel record and denial of benefits, are barred by *res judicata* and/or collateral estoppel," and/or are time barred by the Privacy Act's two-year statute of limitations in 5 U.S.C. § 552a(g)(5). Doc. #12, PageID#193.

Plaintiff's Objection, Doc #13, asserts that the Report is incorrect. He contends that the 1994 case, *Jarrell v. U.S. Army*, No. 3:94-CV-275, ECF No.10 (S.D. Ohio Oct. 11, 1994), "was brought under the Federal Tort Claims Act against the Army and not under the Privacy Act['s] access to records request so the issue of the records was not litigated in that case." *Id.*, PageID#196. He also asserts that the issue in *Jarrell v. Nat'l Pers. Records Ctr.*, No. 3:11cv 00434, 2013 WL 5346483 *8 (S.D. Ohio Sep. 23, 2013) (Ovington, M.J), "had nothing to do with an access to records request." *Id.*, PageID#200. The remainder of Plaintiff's Objection argues that he was not on notice of defects in the records he was provided by the National Personnel Records Center ("NPRC") in 1976, and did not become aware that records had been removed from his file until he requested them from the ARBA on October 8, 2019. *Id.*, PageID#197. He admits that he did have an on-site visit to the NPRC on December 8, 2011, and reviewed the file. However, because he had traveled all night with his brother, he was in no condition to "sift through

6

approximately 2,000 pages of records." *Id.* He states that he ultimately received 100 pages of records from the file, and other than receiving the "A[G]SPERSCEN FORM 85," the "trip was really just a waste of time and resources." Doc. #1-2, PageID#14. Plaintiff further claimed in his Objections that he was unaware of what a DD Form 722 and 722-1 were until a friend taught him how to google. Finally, he argues that Defendant's statement that "a court cannot order an agency to produce documents not in its possession" is "an admission by Defense counsel that the record is not in the file [and] is[,] in fact[,] an admission that the agency willfully and intentionally removed the records from the file." *Id.*, PageID#202.

In addition to the cases referenced in this Decision and Entry involving Plaintiff and his claims of missing, altered and/or forged military records, the Report and Recommendations cites to other cases filed by Plaintiff. These cases raise similar, if not identical, issues involving his records and were dismissed based on *res* judicata, collateral estoppel and/or statute of limitations grounds.[6] Although Plaintiff's Objection does not respond to the Report's recommendations

---

[6] *See, Jarrell v. United States*, No. 3:94-CV-463, ECF No. 4 (S.D. Ohio Feb. 14, 1995), report and recommendation adopted, No. 3:94-CV-463, ECF No. 8 (S.D. Ohio Mar. 20, 1995) (Rice, J.) (determining Jarrell's claims of alteration of records were barred by collateral estoppel); *Jarrell v. FBI*, No. 3:13-CV-343, 2013 WL 6835284 (S.D. Ohio Dec. 26, 2013) (dismissing Jarrell's claims against, *inter alia*, the Army under the doctrine of *res* judicata, collateral estoppel and the statute of limitations), report and recommendation adopted, No. 3:13-CV-343, 2014 WL 198497 (S.D. Ohio Jan. 15, 2014) (Rice, J.); *Jarrell v. Shulkin*, No. 3:16-CV-95, report and recommendation adopted, 2018 WL1901681 (S.D. Ohio Apr. 20, 2018) (granting Defendant's motion for summary judgement on Jarrell's Privacy Act claims).

concerning *res* judicata and collateral estoppel, he argues that neither his 1994 case, *Jarrell v. U.S. Army*, No. 3:94-CV-275, ECF No.10 (S.D. Ohio Oct. 11, 1994) nor his 2013 case, *Jarrell v. Nat'l Pers. Records Ctr.*, No. 3:11cv 00434, 2013 WL 5346483 *8 (S.D. Ohio Sep. 23, 2013) (Ovington, M.J), asserted the Privacy Act and/or a request for records. A review of these cases, however, shows that as early as 1994, Plaintiff was asserting a claim under the Privacy Act and alleging in his *pro se* Complaint that he was "aware of the forgeries and other record discrepancies." *Id.*

Accordingly, the Court adopts the Report and Recommendations finding that Plaintiff's Complaint claim is barred not only by *res* judicata and collateral estoppel but also the two-year statute of limitations in 5 U.S.C. § 552a(g)(5) ("An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of action arises . . . ."). In 1994, Plaintiff not only should have known of discrepancies with his records but based on his *pro se* Complaint, he actually did know of this alleged issue. *Lockett v. Potter*, 259 Fed. Appx. 784, 786 (6th Cir. 2008) ("A plaintiff must bring a Privacy Act claim in federal district court within two years from the date of the alleged violation").[7]

---

[7] Although Plaintiff asserts in his Objection that the statement of Defendant's attorney that the ARBA cannot produce what is not in its file is somehow an indication of willfully and intentionally removing the records, the Court finds that there are no facts in support of this assertion making it, at best, merely speculative. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

8

Based on Plaintiff's actual knowledge of alleged discrepancies with his military records as early as 1994, as well as the other cases filed by Plaintiff on this issue, only some of which are referenced herein, the Court advises Plaintiff that federal courts have the authority to declare him a harassing and vexatious litigator pursuant to 28 U.S.C. § 1927. This inherent authority includes imposing pre-filing restrictions on him before any further lawsuits can be filed in this Court. These restrictions can include, among other things, requiring Plaintiff "to file a bond to cover the opposing party's attorney's fees, see, e.g., *Stewart v. Fleet Financial,* 229 F.3d 1154 (6th Cir. Aug.10, 2000) (requiring harassing and vexatious litigator to file $25,000 bond prior to filing suit is not an abuse of discretion); nor is limiting the nature of subject of the lawsuit... or mandating" that Plaintiff seek leave of court before filing any further lawsuits. *Johnson v. Univ. Hous.*, 2:06-cv-628, Dec. 10, 2007, 2007 WL 4303728 *12 (S.D.Ohio 2007) (Holshuh, J.).

For the reasons set forth above, Plaintiff's Objection, Doc. #13, is OVERRULED.

### III. Conclusion

For the reasons set forth above, the Court adopts the Report and Recommendations, Doc. #12, OVERRULES the Objection of Plaintiff, Doc. #13, and SUSTAINS the Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #6, thus dismissing all claims against this Defendant with prejudice.

Judgment is to be entered in favor of Defendant, the Army Review Boards Agency, and against Plaintiff.

Given that any appeal from this Court's decision would be objectively frivolous, this Court would deny any anticipated motion for leave to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: April 16, 2021

                                         WALTER H. RICE
                                         UNITED STATES DISTRICT JUDGE